IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN C. BOYD**                                                                                                 **PLAINTIFF**

v.                                                                                          No. 4:22CV138-NBB-JMV

**SYLVIA SUTTON, ET AL.**                                                                         **DEFENDANTS**

**MEMORANDUM OPINION *GRANTING* DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT; *DISMISSING* CASE AS FRIVOLOUS UNDER THE
DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL**

This matter comes before the court on the *pro se* prisoner complaint of Dean C. Boyd, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants assaulted and harassed him during his stay at Allegiance Specialty Hospital of Greenville, LLC ("ASH") from February 14, 2020, through March 3, 2020. Defendants Veronica Bell and Misty Hughes have moved for summary judgment; the plaintiff has not responded to the motion, and the deadline to do so has expired.

The defendants have raised the issues of *res judicata* and collateral estoppel[1] in the instant motion, as the plaintiff has filed at least six suits regarding alleged abuse during his stay at ASH. For the reasons set forth below, the motion by the defendants for summary judgment

---

[1] Though the defendants used only the term "*res judicata*" in their motion, that term "encompasses both claim preclusion and issue preclusion." *See Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). As such, the court will consider both claim preclusion and issue preclusion (collateral estoppel) in this memorandum opinion.

will be granted, and the instant case will be dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel.[2]

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a

---

[2] Though the instant summary judgment motion was filed only on behalf of defendants Misty Hughes and Veronica Bell, the defenses of *res judicata* and collateral estoppel benefit the remaining defendants, as well. Where a defending party shows that a plaintiff has no cause of action, the defense also benefits an unserved, non-moving, or defaulting defendant. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings[;] [r]ather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994).

It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). In considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible*. *Matsushita, supra*. (emphasis added). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

In considering a motion for summary judgment, once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

## Undisputed Material Facts

The court notes that Dean C. Boyd has six cases[3] arising out of a single nucleus of operative facts that were simultaneously pending before this court (two of which have been very recently decided):

‣ *Boyd v. Sutton*, 4:22CV138-NBB-JMV (the instant case);

---

[3] The court takes judicial notice of prior proceedings involving the plaintiff, both state and federal. *See Burns v. Mayes*, 369 F. App'x 526, 527 (5th Cir. 2010), *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

- *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS;

- *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS (recently dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel)

- *Boyd v. Hughes*, 4:23CV35-GHD-RP;

- *Boyd v. Hughes*, 4:23CV36-NBB-DAS; and

- *Boyd v. Sutton*, 4:21CV159-GHD-DAS (recently dismissed on the merits).

Though the defendants in this case made multiple arguments in support of summary judgment, the court will address only *res judicata* (and the related doctrine of collateral estoppel).

The instant action was filed on January 21, 2022, in the Circuit Court of Washington County, Mississippi. Doc. 2. It was then removed to this court. Doc. 1. Dean C. Boyd alleges that he was a patient at Allegiance Specialty Hospital of Greenville, LLC ("ASH") from February 14, 2020, through March 3, 2020. *Id.* He alleges that Advert Security Company ("Advert") employees, as well as medical practitioners and staff employed by ASH, a medical doctor in private practice, and a guard employed by the Mississippi Department of Corrections ("MDOC") participated in a campaign to harass and assault him during his stay at the hospital, culminating in an unprovoked assault on him on March 3, 2020 (when he was to be transferred from ASH back to the Mississippi State Penitentiary at Parchman). *Id.* The plaintiff described his allegations as a "Mississippi State Tort Negligent Medical Malpractice Claim/Action," though he couches his claims in the body of his complaint in terms of violation of federal constitutional law *Id.*

All six cases listed above (including the instant case) involve Boyd's stay at ASH and abuse he allegedly suffered at the hands of Advert, ASH, and MDOC employees. One of those cases was

recently decided on the merits: *Boyd v. Sutton*, 4:21CV159-GHD-DAS ("*Boyd*-159").[4] Another, based on the holdings in *Boyd*-159, was dismissed under the doctrines of *res judicata* and collateral estoppel: *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS ("*Boyd*-101"). In accordance with the final judgment in *Boyd*-101, the Clerk of the Court filed the memorandum opinion and final judgment from that case as a "Notice" in the instant case (to alert the court to the possible application of *res judicata* and collateral estoppel to this case). *See* Doc. 14 (Notice of *Res Judicata*, Collateral Estoppel, Three PLRA Strikes, and Possible Sanctions.)[5] Having reviewed these documents and the pleadings in this case, including the instant motion for summary judgment, the court concludes that the doctrines of *res judicata* and collateral estoppel apply, and the instant case will be dismissed as frivolous.

### *Res Judicata* (Claim Preclusion)

*Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979);

---

[4] To aid in differentiating among Boyd's many Northern District cases, the court will refer to each as "*Boyd*-\*\*\*," where the "\*\*\*" is the last numerical value in the cause number of that case.

[5] In the interest of brevity, the court will refer to this docket entry as "Notice."

*see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions).

In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* Indeed, *res judicata* applies to later judgments even if the original judgment was in error. *See Matter of Teal,* 16 F.3d 619, 622 (5th Cir.1994) ("This conclusion comports with the well-known rule that a federal court may not abrogate principles of *res judicata* out of equitable concerns.... Indeed, it must give *res judicata* effect to a prior judgment even if it would be voidable on appeal because of legal error."); *Fed. Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("Nor are the *res judicata* consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.")

*Res judicata* also applies when suits arising out of the same nucleus of operative facts are filed simultaneously – or in rapid succession (as Boyd has done in the present case and others). The Fifth Circuit has ruled on this issue:

> When two suits proceed simultaneously, as in this case, *res judicata* effect is given to the first judgment rendered. *Chicago, Rock Island & Pac. R.R. v. Schendel,* 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); *see also* 18 Wright, Miller & Cooper, *supra*, Jurisdiction 2d § 4404 (citing *Jones v. Sheehan, Young & Culp,* 82 F.3d 1334, 1338–39 n. 3. (5th Cir.1996); *In re Hansler,* 988 F.2d 35, 38 (5th Cir.1993)). Maintaining such a litigation strategy almost assures that at some point one of the cases will become barred by a judgment in the other; the successful party will find that all its claims and defenses have merged into the judgment, while the unsuccessful party will find that its have been extinguished. ***"There is no reason why defendants should be required to defend, or courts to hear, additional or multiple cases, free from the protections of***

> ***res judicata*, simply because the plaintiff chose to file them piecemeal at the same time rather than in succession."** *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.,* 776 F.2d 1270 (5th Cir.1985). A party gets only "one bite at the apple" and is not allowed to take two bites simply because it attempts to take both at once rather than *seriatim.*

*Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500–01 (5th Cir. 2004) (emphasis added). As will be discussed in detail below, Mr. Boyd has tried to take six bites of this apple.

**Dismissal of *Boyd-159***

Among Boyd's approximately twenty-five lawsuits filed in the Northern and Southern Districts, one case in the Southern District (No. 3:20CV705-TSL-RPM) was against Allison – Case Manager, CNA Veronica Bell, Lt. Sylvia Sutton, Charles Thomas, Captain Campbell, and a John Doe employee of "Alliance." That suit was transferred to this court and assigned Cause No. 4:21CV159-GHD-DAS. In that transferred case (*Boyd*-159), defendant Misty Hughes (an ASH employee) sought summary judgment, and the court found that ASH was a private hospital, and its employees were not state actors. The court also dismissed two employees of Advert – and Dr. Herzog – because they also were not state actors and were thus not proper defendants under 42 U.S.C. § 1983. Finally, the court dismissed Boyd's claims against the sole remaining defendant, Charles Thomas (an employee of MDOC), without prejudice – because Boyd had not exhausted his administrative remedies as to those claims. As such, all claims brought under 42 U.S.C. § 1983 in *Boyd*-159 were dismissed with prejudice (except those against Thomas, which were dismissed without prejudice).[6] The court entered final judgment (dismissing the entire case) in *Boyd*-159 on April 25, 2023.

---

[6] The 30-day deadline for Boyd to file a prison grievance regarding his claims against defendant Thomas has long expired; as such, Boyd can no longer exhaust his administrative remedies as to those claims. *See* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf ("Inmate Handbook, Chapter VIII, Administrative Remedy Program") (last visited April 3, 2019)). The Prison Litigation Reform Act requires exhaustion of administrative remedies before seeking relief under 42 U.S.C. § 1983 in federal court. *See* 42 U.S.C. §1997e(a). The court in *Boyd*-159 dismissed Boyd's claims against

- 8 -

**Dismissal of Boyd-101**

On April 25, 2023, the court entered final judgment against Boyd in *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS ("*Boyd*-101"), a case arising out of the same nucleus of operative facts as the instant case. The court (noting the previous dismissal of *Boyd*-159), dismissed *Boyd*-101 under the doctrines of *res judicata* and collateral estoppel (and for other reasons). The court also required the Clerk of the Court to enter a copy of the memorandum opinion and final judgment in each of Boyd's other cases involving his stay at ASH as a "NOTICE of *Res Judicata*, Collateral Estoppel, Three PLRA Strikes, and Possible Sanctions as to Dean C. Boyd," which was entered as Docket No. 14 in the present case.

### The Instant Case Should Likewise Be Dismissed Under the Doctrines of *Res Judicata* and Collateral Estoppel

**Res Judicata**

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his stay at ASH and any suits arising out of those events as to any parties he actually sued (or their privies) regarding those events. As to the elements of *res judicata*:

(1) Dean C. Boyd is the plaintiff in both cases; the defendants in the instant suit are Sylvia Sutton (Advert employee), Misty Hughes (ASH employee), Captain Campbell (Advert employee), CNA Veronica (ASH employee), Charles Thomas (MDOC employee), and M.D. John Herzog (private medical practitioner)[7];

---

Thomas without prejudice; however, as Boyd can no longer exhaust his administrative remedies, the dismissal operates as if it were with prejudice.

[7] *See Boyd v. Sutton, et al.*, 4:21CV159-GHD-DAS (N.D. Miss., Opinion and Judgment of July 27, 2022) (*Boyd*-159).

(2) This court is a court of competent jurisdiction over the issues in that case (Boyd's treatment during his stay at ASH);

(3) The court has previously issued a final judgment on the merits (for the purposes of *res judicata*) in favor of the defendants in this case or their privies[8]; and,

(4) Both cases involve the same cause of action, as they arise out of a single nucleus of operative facts: the defendants' alleged mistreatment of Boyd during his stay at ASH (including the day of his release back to the custody of MDOC.)

Boyd currently has several pending suits arising out of the same nucleus of operative facts as the present case, each involving various claims based upon federal and state law.

Not only are Boyd's federal claims under 42 U.S.C. § 1983 extinguished, but any other potential claims are, as well, including those arising under state law. *See Brown v. Felsen*, *supra*; *see also Goldberg v. R. J. Longo Constr. Co.*, *supra* (*res judicata* bars claims that were or could have been raised in prior actions). Boyd could have raised *all* the claims he brought in his various cases in a single suit. He chose, instead, to file numerous suits with overlapping claims and defendants – all arising out of a single set of facts. *As to the defendants (or their privies)*

---

[8] Even if Boyd's previous case arising out of these facts (*Boyd*-159) were ongoing, the judgment in favor of the ASH and Advert Group employees in that case, as well as Dr. Herzog, would nonetheless operate as a final judgment for the purposes of *res judicata* in the present one:

> *Judgment final as to a part of an action or claim.* A judgment may be final in a *res judicata* sense as to a part of an action although the litigation continues as to the rest…. So also in an action in which the plaintiff has joined a number of claims against the defendant, the rules of practice—for example, Rule 54(b) of the Federal Rules of Civil Procedure—may permit entry of judgment on particular claims as they are adjudicated, with the action continuing as to the remaining claims.

Restatement (Second) of Judgments § 13(e) (1982). The Supreme Court has cited this rule with approval. *See Arizona v. California*, 460 U.S. 605, 617, 103 S. Ct. 1382, 1390, 75 L. Ed. 2d 318 (1983), *decision supplemented,* 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984) (citing § 13(e), Restatement (Second) of Judgments).

*who were dismissed by the judgment in Boyd*-159 (including the defendants in the instant case), all of Boyd's claims in the remaining pending suits (including the present one) are merged into that judgment – and should thus be extinguished. For these reasons, *res judicata* applies in the present case, and Boyd's claims against these defendants (Sutton, Hughes, Campbell, Bell, and Herzog) will be dismissed with prejudice as frivolous.

### Collateral Estoppel (Issue Preclusion)

Collateral estoppel, or issue preclusion, bars relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). One relevant issue decided in *Boyd*-159 is that employees of private companies, such as ASH and Advert, are not state actors:

> Relief under 42 U.S.C. § 1983 is only available to preserve a plaintiff's federal constitutional or statutory rights against a defendant acting *under color of state law*. *See* 42 U.S.C. § 1983. Thus, a § 1983 plaintiff may only pursue his civil rights claims against someone who is a state actor. ASH is a private hospital which serves the general public; its employees are not state actors. Hence, neither Silvia Sutton, Nurse Misty Hughes, nor C.N.A. Bell (all employees of ASH) are state actors.
>
> Similarly, Advert Security Contractor is a private company that provided security to the private hospital; thus, Advert's employees, such as Captain Campbell, are not state actors. Dr. Herzog is in the private practice of medicine; certainly he is not a state actor. *See Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. 1989) (mere contractual link between county and corporation insufficient to find corporation to be a state actor). As defendants Sutton, Hughes, Bell, Campbell, and Herzog are not state actors, the plaintiff has not stated a valid § 1983 complaint against them, and they must be dismissed with prejudice from this case.

*Boyd*-159*, supra*. The private employees in the instant case – Sutton, Hughes, Campbell, Bell, and Herzog (who were also defendants in *Boyd*-159) – are not state actors and are thus not proper defendants in an action proceeding under § 1983. As such, collateral estoppel applies, and all § 1983 claims against Sutton, Hughes, Campbell, Bell, and Herzog – the private

employee defendants in the instant case – will be dismissed with prejudice for that reason (in addition to their dismissal as *res judicata*). *See* 42 U.S.C. § 1983.

Collateral estoppel also applies regarding MDOC defendant Charles Thomas. A finding that a plaintiff has not exhausted his administrative remedies can have preclusive effect under the doctrine of collateral estoppel:

> [B]oth the Restatement [(Second) of Judgments] and existing precedent sensibly recognize that a plaintiff who has failed to satisfy a precondition to suit [such as exhausting administrative remedies] may not return to court without satisfying that precondition.

*Crockett v. Mayor of D.C.*, 279 F. Supp. 3d 100, 110 (D.D.C. 2017). If a prior case was dismissed for failure to exhaust administrative remedies – and the plaintiff has taken no steps "between the dismissal of the first suit and the filing of the second" that "satisfied the precondition" to bringing suit, the prior court's decision has "preclusive effect" with respect to that issue. *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 62 (1st Cir. 2007).

In *Boyd*-159, the court dismissed Boyd's claims against Charles Thomas because Boyd did not exhaust his administrative remedies as to those claims before filing suit. Boyd has alleged no facts in the present case to show that he has taken any additional steps to exhaust administrative remedies as to those claims. As far as exhaustion goes, nothing have changed. Indeed, the court in *Boyd*-159 also noted that the deadline for initiating the administrative remedy process as to Boyd's claims against Thomas has expired:

> The deadline for Boyd to file a prison grievance regarding his claims against defendant Thomas has long expired; as such, he can no longer exhaust his administrative remedies as to those claims.

*Boyd*-159, *supra*. Thus, this holding (that Boyd did not exhaust his administrative remedies as to these claims before filing suit) was actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. As such, collateral estoppel applies, and Boyd's

claims against Charles Thomas will be dismissed for that reason. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *see also Crockett and In re Sonus, supra*.

## Conclusion

For the reasons set forth above, the motion by the defendants for summary judgment will be granted, and the instant case will be dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of May, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE